IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARTIN G. CAMACHO, ET. AL.                                PLAINTIFFS

VS.                                                       No. 3:06CV54-D-A

STATE OF MISSISSIPPI, ET. AL.                             DEFENDANTS

### OPINION GRANTING MOTION FOR JURY TRIAL

Presently pending before the Court is the Plaintiffs' motion for a jury trial. Upon due consideration, the Court finds that the motion shall be granted.

The Plaintiffs initiated this section 1983 action on April 5, 2006. The Plaintiffs' Complaint did not demand a jury trial. In addition, the "No" box was checked under the Jury Demand section of the Civil Cover Sheet. The Court has yet to set this matter for trial. The Court notes for the record that the Plaintiffs are proceeding *pro se* and are currently residing in Mexico.

The Plaintiffs now move this Court pursuant to Rule 39(b) of the Federal Rules of Civil Procedure to grant them a trial by jury.[1] The Plaintiffs contend that this case involves several high-profile individuals, including a few elected officials. The Plaintiffs believe they can only receive justice with a trial by jury. The Plaintiffs ask for a trial by jury and demand that at least five individuals of Mexican descent be empaneled as jurors. The Defendants have failed to respond to this motion.

Rule 38 of the Federal Rules of Civil Procedure preserves the right of trial by jury in a civil action as declared by the Seventh Amendment to the Constitution. However, a party must make a demand for a jury trial within ten days of filing the Complaint. Fed R. Civ. P. 38(b). "The failure

---

[1] The Plaintiffs mistakenly state in their motion that they move for a jury trial in compliance with Rule 9(c) of the Federal Rules of Civil Procedure.

of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). However, "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b).

The Fifth Circuit has stated that "When the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in absence of strong and compelling reasons to the contrary." Daniel Int'l. Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990) (*citing* Swofford v. B & W Inc., 336 F.2d 402, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S. Ct. 653, 13 L. Ed. 2d 557 (1964)). A motion for trial by jury under Rule 39(b) "should be favorably received unless there are persuasive reasons to deny it." United States v. Unum, 658 F.2d 300, 303 (5th Cir. 1981).

In Daniel Int'l Corp., the Fifth Circuit adopted the Eleventh Circuit's five factor test to determine whether the district court should exercise its discretion under Rule 39(b). 916 F.2d at 1064. Those factors include: (1) whether the case involves issues best tried by a jury; (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. Id. See Parrot v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936, 104 S. Ct. 344, 78 L. Ed. 2d 311 (1983). The application of these factors to the case *sub judice* weighs in favor of the Plaintiffs' motion.

First, the Plaintiffs causes of action, i.e. violation of civil rights, conspiracy to violate Plaintiffs' civil rights and discrimination are clearly within the province of a jury. This case involves complex and fact-intensive inquires that are usually reserved for a jury trial. There are issues of credibility and an alleged pattern of behavior that are best-suited for a determination by a jury. Thus,

prong one supports Plaintiffs' Rule 39(b) motion.

Second, this matter has not yet been set for trial. Allowing the Plaintiffs a trial by jury would not pose a disruption to the Court's schedule. Since there is no trial date set in this case, the Court will have no problem finding a suitable date for a jury trial. Consequently, it is impossible that the Defendants have begun preparing for trial. Thus, part two of the test weighs in favor of Plaintiffs' motion.

Third, the Defendants have failed to respond to this motion. Therefore, there is no evidence before the Court that any prejudice would be suffered by the Defendants. The Court has not issued a Case Management Order setting deadlines for discovery. Thus, the Plaintiffs have not waited until the eve of trial or the end of discovery to file their motion. Without a response from the Defendants, the Court finds that the Defendants have failed to produce any evidence of prejudice. Thus, prong three also weighs in favor of granting Plaintiffs' motion.

Fourth, the Court notes that the Plaintiffs' six-moth delay in requesting a jury trial is lengthy. While the Court does not condone such a delay, the Court is also aware that no trial date has been set. In addition, the Court notes that special circumstances surround this case. The Court notes that the Plaintiffs are not fluent in the English language. The Court further notes that the Plaintiffs are currently residing in Mexico. Finally, the Court notes that the Plaintiffs are proceeding without legal counsel. However, this delay does not seem to have affected the parties' preparation of this case. No deadlines have been set by the Court and no discovery has occurred. Thus, the Court finds that Plaintiffs' Rule 39(b) motion is "clearly not a delaying tactic brought on the eve of trial." Daniel Int'l Corp., 916 F.2d at 1065. The Court notes that another district court in this circuit found that seventeen months was not too long of a delay when the motion was not brought on the eve of trial. See Tovar v. Target Corp., 2005 WL 3447752, *2 (W.D. Tex. 2005) (holding lack of prejudice to

defendant overrode the factors of length of delay and inadvertence for not filing jury demand).

Finally, the Plaintiffs fail to indicate any solid rationale for their tardiness in requesting a jury trial. It is obvious that the main reason Plaintiffs did not file a jury demand was inadvertence. The Fifth Circuit has consistently held that it is not an abuse of discretion to deny a motion under Rule 39(b) when the failure to make a timely jury demand was the result of mere inadvertence on the part of the movant. See Ferias v. Bexar County Bd. of Trustees for Mental Health Retardation Services, 925 F.2d 866, 873 (5th Cir. 1991). However, district courts in this circuit have granted Rule 39(b) motions despite the fact that Plaintiff's rationale for not filing a timely jury demand was mere inadvertence. See Tovar, 2005 WL 3447752 at *3; Etronix Int'l Inc. v. Samsung Telecommunications America, LP., 2003 WL 21356815, *1 (N.D. Tex. 2003).

The Court finds that length of delay and the Plaintiffs' rationale for their delay weigh heavily in the analysis of the factors laid out by the Fifth Circuit for a Rule 39(b) motion. However, the Court finds that the Court must evaluate all of these factors equally in accordance with Daniel Int'l Corp., 916 F.2d at 1066. The Court finds that while factors four and five weigh against granting the Plaintiffs' motion, factors one, two and three weigh heavily in favor granting the Rule 39(b) motion. The Court further finds that the lack of prejudice to the Defendants and the complex circumstances surrounding this case outweigh the length of delay and lack of good rationale for such delay. Therefore, the Court finds no strong and compelling reasons against granting the motion. Thus, the Court will grant the Plaintiffs' motion and set this case for a trial by jury. The new trial date will be set by further order of the Court.

The Court finds Plaintiffs' request that five jurors be of Mexican descent is without merit. The jury panels in this district are drawn by random with no attention given to the jury panel's racial makeup. The Plaintiffs request has no basis in law and is refused.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of November 2006.

>/s/ Glen H. Davidson
> Chief Judge